[No. 36713-7-I.   Division One.   August 19, 1996.]

PETER SCHROEDER ARCHITECTS, *Respondent*, v. THE CITY OF BELLEVUE, *Appellant*.

---

190

*Richard L. Andrews, City Attorney,* and *Patrice C. Cole, Assistant,* for appellant.

*Wilmar H. Williamson* and *Dann, Radder, Williamson & Meacham,* for respondent.

WEBSTER, J. — Under the Bellevue Land Use Code (BLUC), "minor structural elements" may intrude into a property's setback area. Peter Schroeder Architects developed plans for an addition to a residence, a portion of which intrudes into the property's setback area. At issue here is whether that portion of the addition is a minor structural element. The BLUC provides that bay windows are permissible minor structural elements. Because the intruding part of the addition falls within the common definition of "bay window," we agree with the trial court that it is a minor structural element. Accordingly, we affirm.

## FACTS

Peter Schroeder Architects prepared plans for a sunroom addition to an existing Bellevue residence. The residence is on property zoned R-3.5, which requires a 25-foot rear-yard setback — the distance from the house to the property line. BLUC § 20.20.010. The proposed sunroom would extend five feet into the setback and would be approximately 25 feet long, comprising about 27 percent of the back of the house. The entire rear wall would be composed of glass windows. Seating, approximately two feet wide, would run the length of the rear wall. The intruding part of the room would be cantilevered over the setback area, rather than on a foundation.

In response to Schroeder's request for a code interpreta-

tion, the Director of the Department of Community Development (DCD) determined that the proposed addition would not qualify as a "minor structural element" under the BLUC. The Bellevue hearing officer affirmed the Director's interpretation. Schroeder requested a writ of review from the superior court. The court reversed the hearing officer, concluding that the plans complied with the BLUC and that the code provision was not unconstitutionally vague.

## DISCUSSION

### "Minor Structural Element"

As a question of law, we review the interpretation of an ordinance de novo under the error of law standard. *See* RCW 7.16.120(3); *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 29, 891 P.2d 29 (1995). We give considerable deference to the construction of an ordinance by the agency charged with its enforcement, but do so only when the ordinance is ambiguous. *Hoberg v. Bellevue*, 76 Wn. App. 357, 360, 884 P.2d 1339 (1994).

Former BLUC § 20.20.025.C.3 allowed "minor structural elements," including bay windows, to intrude into the required setback:

Minor Structural Elements:

Subject to paragraph 20.20.025.C.3, minor structural elements *including* patios, platforms, eaves, trellises, open beams, fireplace chimneys, decks, porches, balconies, lanais, *bay windows*, greenhouse windows, *and similar elements of a minor character* may intrude into a required setback as follows:

1. Any portion of a minor structural element which equals or exceeds 30 inches above finished grade at its location may intrude into a required setback a distance no greater than

20% of the minimum dimension of that setback, or at least 18 inches, whichever is greater.[1] (emphasis added).

■ The code does not define "bay window." We give undefined terms their plain and ordinary meaning, which may be found in dictionary definitions. *Cf. Flanigan v. Department of Labor & Indus.*, 123 Wn.2d 418, 426, 869 P.2d 14 (1994). A bay window is "a window or series of windows forming a bay or recess in a room and projecting outward from the wall in a rectangular, polygonal, or curved form . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 189 (1986). After examining Schroeder's plans, we determine that the portion of the sunroom that extends into the setback falls squarely within the plain language of the definition. It is made of a series of windows, it forms a recess in the sunroom, and it projects outward from the rear wall of the residence.

■ The Director determined that the addition was not a minor structural element because (1) the BLUC's examples do not include enclosed floor area and (2) the proposed addition would violate the code's intent that minor structural elements not have the same impact on adjacent properties as buildings. The code, however, unambiguously allows bay windows to extend into the setback area. Thus, we do not consider the code's intent or give deference to the Director's interpretation. *See Hoberg*, 76 Wn. App. at 360.

The hearing officer determined that the intruding portion of the addition was not a bay window because a window is typically a hole in a wall, rather than an entire wall. The definition of "bay window," however, includes a recess in the room, not just an opening in the wall. The hearing officer also held that the proposed intrusion did not meet the ordinary definition of "minor" because of its

---

[1]The code was amended in 1996. It now limits the combined length of all minor building elements (except eaves) to 25 percent of the length of the facade. BLUC § 20.20.025.C.3. It also states that chimneys and bay windows that protrude no more than 18 inches into the setback are the only minor structural elements that may extend the enclosed floor area into the setback. BLUC § 20.20.025.C.4. Schroeder's proposal would violate the amended code.

size. Because the BLUC expressly provides that bay windows are minor structural elements, analysis as to whether the addition is minor in proportion to anything else is unnecessary. The ordinary definition of bay window does not limit a window to any specific proportions or sizes. Nor does the BLUC restrict a minor structural element's size other than to limit the distance it may extend into the setback.

██ The City must interpret and enforce the code as it is written, without adding new criteria on a case-by-case basis. It is unreasonable to expect architects and other professionals to comply with unarticulated standards. *See Anderson v. City of Issaquah*, 70 Wn. App. 64, 77, 851 P.2d 744 (1993) (finding building design provisions of municipal code unconstitutionally vague). Here, Schroeder needed only to comply with the written standards of BLUC § 20.20.025.C.3. The addition meets the articulated requirements: as a bay window, it is one of the specifically approved minor structural elements, and it extends only five feet into the setback, meeting the 20 percent requirement.[2]

## Attorney Fees

Schroeder requests attorney fees pursuant to RCW 60.40.020. That statute deals with proceedings to compel the delivery of money or papers held by an attorney and is not relevant to this case. Schroeder likely intended to request fees under RCW 64.40.020, which allows fees to the prevailing party in an RCW 64.40 damages action.

---

[2]The City argues in its reply brief that the addition does not comply with former BLUC § 20.20.025.C.3(c) (now codified at BLUC § 020.20.025.C.5). That portion of the code imposes additional requirements on minor structural elements, such as maintaining solar access to vegetation. We do not address this argument because the City did not raise it before the hearing officer, the trial court, or in its opening brief. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Moreover, that portion of the code applies only to setbacks required by BLUC § 20.25.H.090 — those in protected areas such as wetlands, riparian corridors, and slopes. There is no evidence that the property at issue here is in a protected area.

However, Schroeder did not bring an RCW 64.40 claim and is not entitled to fees under that chapter. The City provided no legal basis for its requests for fees and costs. Because neither party has demonstrated that it is entitled to fees under an applicable law, we award none. *See* RAP 18.1(a).

We affirm.

AGID and BECKER, JJ., concur.